IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNART COLLINS, | No. C 05-00672 WHA |
| Plaintiff, | |
| v. | **ORDER APPROVING STIPULATED PROTECTIVE ORDER SUBJECT TO STATED CONDITIONS** |
| MICHAEL HEALY, individually, and in his capacity as an employee of the Oakland Police Department, and the CITY OF OAKLAND, | |
| Defendants. | |

The stipulated protective order submitted by the parties is hereby **APPROVED**, subject to the following conditions:

　　1.　　The parties must make a good-faith determination that any information designated "confidential" warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Designations of material as "confidential" must be narrowly tailored to include only material for which there is good cause. A pattern of over-designation may lead to an order de-designating all or most materials on a wholesale basis.

　　2.　　In order to be treated as confidential, any materials filed with the Court must be lodged with a request for filing under seal in compliance with Civil Local Rule 79-5. Please limit your requests for sealing to only those narrowly-tailored portions of materials for which good cause to seal exists. Please include all other portions of your materials in the public file and

clearly indicate therein where material has been redacted and sealed. Each filing requires an individualized sealing order; blanket prospective authorizations are no longer allowed by Civil Local Rule 79-5.

3. Chambers copies should include all material — both redacted and unredacted — so that the chambers staff does not have to re-assemble the whole brief or declaration. Although chambers copies should clearly designate which portions are confidential, chambers copies with confidential materials will be handled like all other chambers copies of materials without special restriction, and will typically be recycled, not shredded.

4. Any confidential materials used openly in court hearings or trial will not be treated in any special manner absent a further order.

5. This order does not preclude any party from moving to de-designate information or documents that have been designated as confidential. The party seeking to designate material as confidential has the burden of establishing that the material is entitled to protection.

6. The Court will retain jurisdiction over disputes arising from the proposed and stipulated protective order for only 45 days after final termination of the action, notwithstanding Section 12.1 of the Stipulated Protective Order.

**IT IS SO ORDERED.**

Dated: November 23, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE